**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, ) | | 3:12-cr-00015-HDM-WGC |
| ) | | |
| Plaintiff, ) | | |
| ) | | |
| vs. ) | | ORDER |
| ) | | |
| RANDY MACARIO ANCHETA, ) | | |
| ) | | |
| Defendant. ) | | |
| _____ ) | | |

Defendant filed a 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence contending that his sentence should be vacated because the Hobbs Act robbery offense which served as a predicate for his 18 U.S.C. § 924(c) conviction no longer qualifies as a "crime of violence" in light of *Johnson v. United States*, 135 S.Ct. 2551 (2015) (ECF Nos. 123, 128).  This court denied defendant's motion on June 29, 2018 (ECF No. 142) based on the Ninth Circuit Court of Appeals' decision in *United States v. Howard*, 650 Fed.Appx. 466, 468 (9th Cir. 2016) wherein the court held that Hobbs Act robbery qualifies as a crime of violence under § 924(c).  Defendant requests that this court issue a certificate of appealability.

The standard for issuance of a certificate of appealability calls for a "substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c).  The Supreme Court has interpreted 28 U.S.C. § 2253(c) as follows: "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must

demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also James v. Giles*, 221 F.3d 1074, 1077-79 (9th Cir. 2000). The Supreme Court further illuminated the standard for issuance of a certificate of appealability in *Miller-El v. Cockrell*, 537 U.S. 322 (2003). The Court stated in that case:

> We do not require petitioner to prove, before the issuance of a COA, that some jurists would grant the petition for habeas corpus. Indeed, a claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail. As we stated in *Slack*, "[w]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."

*Miller-El*, 123 S.Ct. at 1040 (quoting *Slack*, 529 U.S. at 484).

The court has considered the issues raised by defendant, with respect to whether they satisfy the standard for issuance of a certificate of appeal, and the court determines that none meet that standard. The court therefore denies a certificate of appealability in this case.

DATED: This 29th day of June, 2018.

_____
UNITED STATES DISTRICT JUDGE