UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| UNITED STATES OF AMERICA, | Case No. 3:12-cr-00015-HDM-BNW |
|---|---|
| Plaintiff, | |
| v. | ORDER |
| RANDY MACARIO ANCHETA, | |
| Defendant. | |

Before the court is a motion to reduce sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) filed by defendant Randy Ancheta ("Ancheta") (ECF No. 167). The government has opposed (ECF No. 172), and Ancheta has replied (ECF No. 173).

Ancheta was charged via superseding indictment with five counts of robbery in violation of 18 U.S.C. § 1951 ("Hobbs Act robbery") and five counts of use of a firearm in connection with a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A) (ECF No. 35). Pursuant to the stacking provisions of § 924(c) then in effect, Ancheta was facing a sentence of at least 107 years on the five § 924(c) counts, consecutive to any sentence on the Hobbs Act violations. Under a binding plea agreement, Ancheta agreed to plead guilty to all the Hobbs Act charges and one § 924(c) charge, and the government agreed to dismiss the remaining § 924(c) charges. This allowed Ancheta to avoid 100 years of mandatory, consecutive § 924(c) sentences. The parties further agreed that Ancheta would receive a sentence of 156 months on the Hobbs Act convictions, an

1

upward variance of 48-69 months from the Guidelines range then applicable, plus a consecutive sentence of seven years for the sole § 924(c) count, for a total sentence of 240 months. The court accepted the binding plea agreement and sentenced Ancheta to a cumulative prison term of 240 months.

To date, Ancheta has served more than half of his sentence. His current projected release date is February 7, 2030.[1] Ancheta now seeks a reduction of sentence under the terms of 18 U.S.C. § 3582(c)(1)(A). Section 3582(c)(1)(A) provides, in relevant part:

> [T]he court, . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--
>
> (i) extraordinary and compelling reasons warrant such a reduction;
>
> . . .
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.[2]

---

[1] *See* https://www.bop.gov/inmateloc// (last visited Feb. 22, 2024).

[2] In addition to "extraordinary and compelling reasons," the court may grant a motion if "the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g)." 18 U.S.C. § 3582(c)(1)(A)(ii). Ancheta has not served more than thirty years in prison and is not at least 70 years old, so this provision does not apply.

2

The applicable policy statement is set forth in U.S.S.G. § 1B1.13.[3] Section 1B1.13 provides, in relevant part, that a § 3582(c)(1)(A) motion may be granted upon a finding that: (1) extraordinary and compelling reasons warrant a reduction; (2) the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.S. § 3142(g): and (3) the reduction is consistent with the policy statement.

A defendant is not entitled to be present for any hearing on a motion for compassionate release. *See* Fed. R. Crim. P. 43(b)(4).

**I. Exhaustion**

Before an inmate may file a motion for relief pursuant to § 3582(c)(1)(A), he must first present his request to the warden of his institution. The motion may be filed in court after the "defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on [his] behalf" or 30 days have passed from the warden's receipt of his request, whichever is earlier.

There is no dispute that Ancheta properly exhausted his administrative remedies. (*See* ECF No. 167 at 6). The motion therefore may be considered by the court.

**II. Extraordinary and Compelling Reasons**

Section 1B1.13 sets forth several examples of extraordinary and compelling reasons, many of which Ancheta asserts exist in his

---

[3] *United States v. Aruda*, 993 F.3d 797, 801-02 (9th Cir. 2021), which held that the version of § 1B1.13 then in effect was not an "applicable policy statement" binding on the courts, no longer controls following the November 2023 amendments to § 1B1.13. *See United States v. Eklund*, 2024 WL 623903, at *1 (D. Alaska Feb. 14, 2024); *United States v. Arcila*, 2024 WL 578688, at *2 (D. Or. Feb. 12, 2024); *United States v. Ashcraft*, 2024 WL 519966, at *1 (E.D. Cal. Feb. 9, 2024).

3

case. Ancheta argues that he is serving an "unusually long sentence," that he needs to take care of his father who is nearly incapacitated, and that he suffered abuse at the hands of other inmates while serving his sentence. He also argues that he has undergone significant rehabilitation.

A. Unusually Long Sentence

Ancheta asserts that he is serving an unusually long sentence compared to what he would receive if sentenced today. Section 1B.1.13(b)(6) provides:

> If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

Also importantly, § 1B1.13(c) provides:

> Except as provided in subsection (b)(6), a change in the law (including an amendment to the Guidelines Manual that has not been made retroactive) shall not be considered for purposes of determining whether an extraordinary and compelling reason exists under this policy statement. However, if a defendant otherwise establishes that extraordinary and compelling reasons warrant a sentence reduction under this policy statement, a change in the law (including an amendment to the Guidelines Manual that has not been made retroactive) may be considered for purposes of determining the extent of any such reduction.

The government argues that the Sentencing Commission exceeded its delegated authority by identifying changes in the law as a possible basis for a finding of extraordinary and compelling reasons. The court need not decide this issue, however. Whether

4

this aspect of the guideline is valid or not, Ancheta has not established extraordinary and compelling reasons on the basis of a change in the law.

As previously noted, Ancheta was facing a sentence of at least 107 years on the five § 924(c) charges – seven years for the first and twenty-five for each of the remaining four – when he was offered a deal to plead to only one § 924(c) count and all Hobbs Act counts in exchange for a total sentence of 20 years. Six years after Ancheta was sentenced, Congress amended § 924(c) to prevent the stacking of § 924(c) charges in a single indictment. Under the amended statute, Ancheta would today be facing seven years on each of the § 924(c) counts for a total of 35 years, consecutive to any sentence for the Hobbs Act convictions.

While 35 years is considerably less than 107 years, Ancheta's assertion that he would have been offered a proportionally lower plea deal after the amendments to the statute -- or even that he would have been offered a deal that included dismissal of four of the five § 924(c) counts -- is speculative, and the sentence Ancheta is currently serving is less than half of the sentence he would be facing today on all charged counts. Under these circumstances, the court does not find that Ancheta has established a basis for relief under § 1B1.13(b)(6).

B. Incapacitated Parent

Second, Ancheta argues that his father is nearly incapacitated so he should be released early in order to assist in his father's caregiving. Ancheta explains that his father is confined to a wheelchair due to muscular myopathy and needs assistance with many tasks of daily living. He asserts that

5

although his father lives with his wife and four minor children, his father's wife is limited in her ability to take care of his father because she is working to support the entire family.

Section 1B1.13(b)(3)(C) identifies as an extraordinary and compelling reason "[t]he incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent." Ancheta is not his father's only available caregiver, as he admits that his father lives with his wife. While there is no doubt it would be helpful to Ancheta's family were he able to assist with this caregiving, Ancheta's situation does not fall within the parameters of § 1B1.13, which applies when the defendant is the *only* available caregiver. Moreover, according to Ancheta himself, his father is not yet incapacitated. Accordingly, the court concludes that § 1B1.13(b)(3)(C) does not provide a basis for relief.

C. Victim of Abuse

Third, Ancheta asserts that he was raped by other inmates in 2018 and that this should be considered an extraordinary and compelling reason for a sentence reduction. Section 1B1.13(b)(4) provides:

> The defendant, while in custody serving the term of imprisonment sought to be reduced, was a victim of:
>
> (A) sexual abuse involving a "sexual act," as defined in 18 U.S.C. 2246(2) (including the conduct described in 18 U.S.C. 2246(2)(D) regardless of the age of the victim);
>
> ...
>
> that was committed by, or at the direction of, a correctional officer, an employee or contractor of the Bureau of Prisons, or any other individual who had custody or control over the defendant.

6

> For purposes of this provision, the misconduct must be established by a conviction in a criminal case, a finding or admission of liability in a civil case, or a finding in an administrative proceeding, unless such proceedings are unduly delayed or the defendant is in imminent danger.

The alleged act on which Ancheta relies was not committed by or at the direction of a correctional officer or any person having custody or control of Ancheta – it was allegedly committed by other inmates. There is nothing in the Guideline to support Ancheta's contention that a correctional officer's failure to act would qualify as conduct committed by or at the direction of the officer. Further, this provision applies only where the misconduct was established in a criminal, civil or administrative proceeding, unless the proceedings have been unduly delayed or the defendant is in "imminent danger." Ancheta has not alleged, much less shown, that any misconduct has been legally established, that legal proceedings have been unduly delayed, or that he is in imminent danger – particularly where the conduct of which he complains occurred more than five years ago. Section 1B1.13(b)(4) does not provide a basis for relief.

D. Other Reasons and Rehabilitation

Finally, Ancheta argues that he is entitled to relief due to a combination of circumstances and his rehabilitation while incarcerated. U.S.S.G. § 1B1.13(b)(5) provides that extraordinary and compelling reasons might exist where:

> The defendant presents any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4).

In addition, § 1B1.13(d) provides:

7

> [R]ehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement. However, rehabilitation of the defendant while serving the sentence may be considered in combination with other circumstances in determining whether and to what extent a reduction in the defendant's term of imprisonment is warranted.

Ancheta argues that he has undergone significant rehabilitation and has a job offer waiting for him in Utah once he is released. Ancheta argues that to the extent his arguments under §§ 1B1.13(b)(3) and (b)(4) do not strictly meet the guideline provision, they are similar in gravity to those guidelines and should be considered a basis for relief. The court concludes that the arguments Ancheta raises are not similar in gravity to the situations outlined in the guideline provisions, nor do they, in combination and considering his rehabilitative efforts, amount to extraordinary and compelling reasons for a sentence reduction. However, even assuming they rose to that level, the motion for sentence reduction would nevertheless be denied after considering the relevant 18 U.S.C. § 3553(a) factors.

**III. 18 U.S.C. § 3553(a)**

The offenses in this matter were of an unquestionably violent nature, each involving the brandishing of a gun at an innocent victim. The court has considered the characteristics of the defendant and his efforts at rehabilitation and concludes that a sentence of twenty years remains necessary to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence to criminal conduct, to protect the public from further crimes of the defendant, and to avoid unwarranted sentence

8

disparities among defendants with similar records who have been found guilty of similar conduct.

### IV. Conclusion

In accordance with the foregoing, IT IS THEREFORE ORDERED that the motion for sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A) (ECF No. 167) is hereby DENIED.

IT IS SO ORDERED.

DATED: This 19th day of March, 2024.

*/s/ Howard D. McKibben*
UNITED STATES DISTRICT JUDGE